IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALE E. ULRICH,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>PETER BLUDWORTH, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Respondents. | Cause No. CV 23-70-BLG-SPW<br><br>ORDER |

This case comes before the Court on Petitioner Dale E. Ulrich's (Ulrich) petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254. (Doc. 1.) Ulrich has filed two previous petitions with this Court challenging his 2011 Incest conviction and sentence handed down in Montana's Seventh Judicial District, Dawson County. Both of Ulrich's prior petitions were denied. *See Ulrich v. Frink*, No. CV 13-119-BLG-SEH, Or. (D. Mont. Nov. 1, 2013) (adopting findings and recommendations in full and finding claims frivolous); *see also Ulrich v. Berkebile*, No. CV-14-140-BLG-SPW, Or. (D. Mont. Mach 4, 2015) (denying petition as frivolous).

Ulrich advances an argument similar to those previously presented,

1

challenging the legality of his state court conviction. Ulrich claims his Fifth Amendment right to indictment by a grand jury was violated based upon the manner in which his state criminal case was charged and prosecuted. (Doc. 1 at 4); *see also* (Doc. 1-1.) Ulrich asks this Court to order his immediate release and enter a "complete and total exoneration of all charges." (Doc. 1 at 7.)

## I.    Motion to Proceed in Forma Pauperis

Ulrich moves to the Court to proceed in forma pauperis. (Doc. 2). Although a review of the supporting account statement shows that Ulrich can likely afford to pay the costs that may be associated with this action, there is no reason to delay this matter further. The motion will be granted.

## II.   Second or Successive Petition

As set forth above, Ulrich advanced a similar challenge to the manner in which the State prosecuted him in his prior petitions. Both of those matters were dismissed as frivolous. Ulrich's present argument suffers the same fate. To the extent that Ulrich believes he was entitled to indictment by a grand jury and the attendant proceedings, he is mistaken. This Court has consistently rejected such claims as frivolous and wholly lacking in substantive merit.[1]

---

[1] See e.g., *Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at *2 (D. Mont. Jan. 21, 2015) (granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014) (prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's

But at this juncture the validity of Ulrich's claims matters not. This Court lacks jurisdiction to hear a second petition unless Ulrich first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent Ulrich intends to make any new arguments in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Ulrich is

---

Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016) (claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019) (appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022) (rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under state law).

required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Ulrich obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this

4

Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

   Based upon the foregoing, the Court enters the following:

### ORDER

   1.   Ulrich's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.  The Clerk of Court is directed to waive payment of the filing fee.

   2.   Ulrich's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.  Absent leave from the Ninth Circuit, Ulrich should refrain from further challenges to his 2011 state conviction.

   3.   The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

   4.   A certificate of appealability is DENIED.

   DATED this _27th_ day of June, 2023.

                              Susan P. Watters
                              United States District Court Judge